IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| NICOLE KERNES, on behalf of herself and all others similarly situated, | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 1:23-cv-02996 ) |
| 1-800-FLOWERS.COM, INC. and INTERACTIONS LLC, | ) ) ) ) |
| Defendants. | ) |

**NOTICE OF REMOVAL**

Defendant Interactions LLC ("Interactions"), hereby removes this putative class action from the Circuit Court of Cook County, Illinois, to the United States District Court for the Northern District of Illinois, Eastern Division. This Court has jurisdiction under the Class Action Fairness Act ("CAFA") because the purported class exceeds 100 members, minimal diversity exists, and, on the face of Plaintiff's pleadings, the maximum amount in controversy exceeds $5 million. *See* 28 U.S.C. §§ 1332(d), 1441, 1446, and 1453(b). Removal is timely under 28 U.S.C. § 1446(b)(1).

### I. Overview of Claims Asserted and Relief Sought.

1. Plaintiff Nicole Kernes's ("Plaintiff") Class Action Complaint ("Complaint") asserts that 1-800-FLOWERS.COM, INC., ("1-800-Flowers") introduced an automated voice ordering system ("AVO") using artificial intelligence, produced by Interactions, to allow customers to place orders and receive answers to questions over the phone. *See* Compl. ¶¶ 7–9 (attached as part of **Exhibit 1**).[1] Plaintiff further alleges that the AVO system collects biometric

---

[1] **Exhibit 1** is "a copy of all process, pleadings, and orders served" on Interactions. *See* 28 U.S.C. § 1446(a).

information in the form of voiceprints in violation of the Illinois Biometric Information Privacy Act ("BIPA"), 740 ILCS 14/1, *et seq*. *See* Compl. ¶¶ 10–11.

2. Interactions is organized under the laws of Delaware with its principal place of business in Franklin, Massachusetts. *See* Compl. ¶ 20.

3. 1-800-Flowers is a Delaware corporation with its principal place of business in Jericho, New York. *Id.* ¶ 19.

4. Plaintiff alleges that Interactions violated three separate BIPA Sections: 15(a), by failing to make a publicly available policy addressing biometric retention and destruction; 15(b), by capturing biometric information without consent; and 15(c), by profiting off of Plaintiff's and the class's biometric data. Compl. ¶¶ 55–87.

5. Plaintiff seeks as relief, among other things, "statutory damages of $5,000 for each and every intentional and reckless violation of BIPA"[2] and "statutory damages of $1,000 for each and every violation . . . if Defendant's violations are found to have been committed negligently." *Id.* pp. 23–24 (Prayer for Relief). Plaintiff also seeks "injunctive and other equitable relief" and "reasonable litigation expenses and attorneys' fees" as well as "pre- and post-judgment interest." *Id.* p. 24 (Prayer For Relief).

6. Plaintiff defines the putative class as "[a]ll Illinois residents who had their voiceprint or biometric information collected, captured, received, or otherwise obtained and/or stored by one or more of Defendant Interactions' automated voice ordering systems." *Id.* ¶ 47.

---

[2] Under BIPA, a plaintiff may recover "liquidated damages of $5,000 or actual damages, whichever is greater" for each intentional or reckless violation. 740 ILCS 14/20(2).

## II.    Venue

7.    Venue is proper in this Court under 28 U.S.C. § 1441(a) because the removed action was filed in the Circuit Court of Cook County, Illinois, a court encompassed by the Northern District of Illinois, Eastern Division.

## III.    Removal is Proper Under CAFA.

8.    This Court has original jurisdiction over this action pursuant to CAFA, 28 U.S.C. § 1332(d). Under CAFA, federal district courts have original jurisdiction when: (1) the putative class consists of at least 100 members; (2) the citizenship of at least one proposed class member is different from that of any defendant; and (3) the aggregated amount in controversy exceeds $5,000,000, exclusive of interest and costs. 28 U.S.C. § 1332(d).

### A.    The Putative Class Includes More Than 100 Members.

9.    Plaintiff defines the putative class as "[a]ll Illinois residents who had their voiceprint or biometric information collected, captured, received, or otherwise obtained and/or stored by one or more of Defendant Interactions' automated voice ordering systems." Compl. ¶ 47. Here, removal is appropriate because Plaintiff alleges that there are "thousands of persons" in the class. *See id.* ¶ 51.

### B.    Minimal Diversity Exists.

10.    Minimal diversity exists where "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2).

11.    Plaintiff alleges that she is a resident of Chicago, Illinois, and intends to remain in Illinois, making Illinois her domicile. *See* Compl. ¶ 18. Accordingly, Plaintiff is a citizen of Illinois for the purposes of diversity jurisdiction. *See Heinen v. Northrop Grumman Corp.*, 671 F.3d 669, 670 (7th Cir. 2012) (an individual's citizenship depends on domicile, which is "the state in which a person intends to live over the long run").

12. For the purposes of diversity jurisdiction under CAFA, an LLC is a citizen of the state where it is incorporated and where its principal place of business is located. *Young v. Integrity Healthcare Communities, LLC*, 513 F. Supp. 3d 1043, 1051 n.2 (S.D. Ill. 2021) (citing *Bond v. Veolia Water Indianapolis, LLC*, 571 F. Supp. 2d 905, 909 (S.D. Ind. 2008), 28 U.S.C. § 1332(d)(10)) (for CAFA, "Congress chose to modify existing case law concerning the citizenship of unincorporated associations"); *Lewis v. loanDepot.com, LLC*, 2021 WL 5038779, at *3 (N.D. Ill. Oct. 29, 2021) (citing 28 U.S.C. § 1332(d)(10)) ("Under CAFA, an unincorporated association such as a limited liability company is deemed to be a citizen 'of the State where it has its principal place of business and the State under whose laws it is organized.'").

13. Interactions is an LLC, and it is organized under the laws of Delaware with its principal place of business in Franklin, Massachusetts. *See* Compl ¶ 20.

14. 1-800-Flowers, a corporation, is incorporated in Delaware with its principal place of business in Jericho, New York. *Id.* ¶ 19.

15. Because Plaintiff is a citizen of Illinois and Defendants are not, minimal diversity exists.

**C.    The Amount in Controversy Exceeds $5,000,000.**

16. Here, the amount in controversy "exceeds the sum or value of $5,000,000, exclusive of interest and costs." 28 U.S.C. § 1332(d)(2). The Complaint asserts at least three types of alleged BIPA violations, and seeks statutory damages up to $5,000 for "each" violation per class member. *E.g.*, Compl. pp. 23–24 (Prayer for Relief). In other words, Plaintiff seeks damages of at least $15,000 for each putative class member. CAFA requires "the claims of the individual [purported] class members [to] be aggregated." 28 U.S.C. § 1332(d)(6).

17. The Plaintiff seeks to represent a class of "[a]ll Illinois residents who had their voiceprint or biometric information collected, captured, received, or otherwise obtained and/or stored by one or more of Defendant Interactions' automated voice ordering systems." Compl. ¶ 47. Plaintiff alleges a class of "thousands of persons." *See id.* ¶ 51. Assuming exactly 1,000 people are in the putative class, and that Plaintiff seeks $15,000 in damages for each putative class member, this matter would yield a maximum amount in controversy in excess of the jurisdictional prerequisite (1,000 putative class members x $15,000 each (for 3 violations) = $15,500,000).

18. Thus, as alleged, the Complaint satisfies the amount-in-controversy requirement. *See Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014) ("[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold."); *Blomberg v. Serv. Corp. Int'l*, 639 F.3d 761, 764 (7th Cir. 2011) ("Once the proponent of federal jurisdiction has explained plausibly how the stakes exceed $5,000,000 . . . the case belongs in federal court unless it is legally impossible for the plaintiff to recover that much.").[3]

### IV. The Procedural Requirements for Removal Have Been Satisfied.

19. A completed civil cover sheet shall be filed herewith, and pursuant to 28 U.S.C. § 1446(a), attached hereto as **Exhibit 1** is a true and correct copy of all other process, pleadings, and orders served upon Interactions in the state court action.

20. Pursuant to 28 U.S.C. § 1446(d), promptly upon filing of this Notice of Removal, copies thereof will be sent to Plaintiff's counsel and filed with the Clerk of the Court in the state court action.

---

[3] Although the amount in controversy exceeds $5 million for removal purposes, Interactions denies liability or that Plaintiff is entitled to any such damages.

21.  Counsel for Defendant 1-800-Flowers informed Interactions that 1-800-Flowers consents to this removal under CAFA.

22.  This notice is timely. A notice of removal must be filed within 30 days of service. 28 U.S.C. § 1444(b). Interactions was served on April 13, 2023 (*see* **Exhibit 2**, Proof of Service), making removal timely if it is filed on or before May 15. *See* FED. R. CIV. P. 6(a)(1)(C) (federal court deadline that falls on a weekend or holiday "continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday").

Dated: May 12, 2023

Respectfully submitted,

INTERACTIONS LLC

By: /s/ William F. Northrip

William F. Northrip (wnorthrip@shb.com)
Tara D. Kennedy (tkennedy@shb.com)
Dylan P. Tilbury (dtilbury@shb.com)
SHOOK, HARDY & BACON L.L.P.
111 South Wacker Drive, Suite 4700
Chicago, IL 60606
Tel: (312) 704-7700
Fax: (312) 558-1195

***Attorneys for Defendant Interactions LLC***

## CERTIFICATE OF SERVICE

I, William Northrip, an attorney, hereby certify that on **May 12, 2023**, I caused a true and correct copy of **NOTICE OF REMOVAL** to be electronically filed with the Court via the Court's ECF system. I further certify that I emailed a copy of same upon the following counsel of record:

>Carl V. Malmstrom
>WOLF HALDENSTEIN ADLER
>FREEMAN & HERZ LLC
>111 W. Jackson Blvd., Suite 1700
>Chicago, IL 60604
>Tel: (312) 984-0000
>Fax: (212) 686-0114
>Malmstrom@whafh.com
>
>*Local Counsel for Plaintiff and the Putative Class and Subclass*
>
>Philip L. Fraietta
>Matthew A. Girardi
>Julian C. Diamond
>BURSOR & FISCHER, P.A.
>888 Seventh Avenue
>New York, NY 10019
>Tel: (646) 837-7150
>Fax: (212) 989-9163
>pfraietta@bursor.com
>mgirardi@bursor.com
>jdiamond@bursor.com
>
>*Attorneys for Plaintiff and the Putative Class*

                                                     /s/ William F. Northrip